# IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARK J. SPANAKOS, §
§ No. 532, 2019
Petitioner Below, §
Appellant, §
§
v. § Court Below - Court of Chancery
§ of the State of Delaware
ROBERT PATE, JOHN R. PATE, §
EDWARD SEBASTIANO, MARY § C.A. No. 2018-0288-JRS
ELLEN PATE AND JOSEPH §
GAROFALO, §
§
Respondents Below, §
Appellees. §

Submitted: May 20, 2020
Decided: July 31, 2020

Before **SEITZ**, Chief Justice; **VALIHURA**, and **MONTGOMERY-REEVES**, Justices.

Upon appeal from the Court of Chancery. **AFFIRMED.**

Carl D. Neff, Esquire, Kasey H. DeSantis, Esquire, FOX ROTHSCHILD LLP, Wilmington, Delaware; Manuel A. Mesa, Esquire, MESA & PEPIN, LLC, Miami, Florida, *for Petitioner-Appellant Mark J. Spanakos*.

Neil R. Lapinski, Esquire, William M. Kelleher, Esquire, Phillip A. Giordano, Esquire, GORDON FOURNARIS & MAMMARELLA, P.A., Wilmington, Delaware, *for Respondents-Appellees Robert Pate, John R. Pate, Edward Sebastiano, Mary Ellen Pate, and Joseph Garofalo*.

**MONTGOMERY-REEVES**, Justice:

This appeal is the latest in an ongoing series of actions initiated by Appellant, Mark Spanakos, relating to Hawk Systems, Inc., a void Delaware corporation ("Hawk Systems," or the "Company"). Since 2010, Spanakos has tried to gain control over and revive Hawk Systems, filing a series of direct and derivative actions in Florida against former Hawk Systems insiders and taking several steps outside of court to establish himself as the Company's majority stockholder and sole director. Spanakos has been successful in his direct Florida litigation, having won a Partial Final Judgment in one action and favorable Summary Judgment rulings in another.

Spanakos's derivative claims in the third Florida action, however, were stayed to allow Spanakos to clarify his standing to pursue those claims. Accordingly, in 2018 Spanakos filed suit in the Court of Chancery seeking (1) a declaration that he controls a majority of the voting shares of Hawk Systems and that he is the validly elected, sole director and officer of Hawk Systems or (2) in the alternative, an order compelling the company to hold an annual election of directors under 8 *Del. C.* §§ 223(a) and 211(c). Following a trial, briefing, and post-trial argument, the Court of Chancery denied both of Spanakos's requests for relief, ruling that he had not carried his burden of proof to obtain any of the relief that he sought.

On appeal, Spanakos argues that the Court of Chancery abused its discretion when it declined to order a stockholders' meeting for the election of directors despite

2

the fact that Spanakos satisfied the elements of Section 211. Having reviewed the record on appeal and the court's opinion below, this Court holds that the Court of Chancery did not abuse its discretion when it declined to compel a stockholders' meeting given the unique facts of this case.

## I.    BACKGROUND

Mark Spanakos is a stockholder and former director of Hawk Systems, Inc., a Delaware corporation based in Palm Beach County, Florida. Appellees, Robert Pate, John R. Pate, Edward Sebastiano, Mary Ellen Pate, and Joseph Garofalo are also purported stockholders of Hawk Systems. In 2006, Spanakos invested $1,000,000 in exchange for 4,000,000 shares of common stock in Hawk Biometrics of Canada, Inc. ("Hawk Canada"), a company which held itself out as a developer of innovative fingerprint authentication technology.[1] In 2007, Spanakos loaned $1,500,000 to Hawk Canada and David Coriaty, Hawk Canada's majority stockholder, pursuant to a Secured Promissory Note.[2] As security on the Note, Coriaty granted Spanakos a security interest in 3,000,000 of Coriaty's Class A "Preferred" shares of stock in Hawk Canada and voting rights in all of Coriaty's 15,000,000 Class A "Preferred" shares.[3]

---

[1] Appendix to the Opening Br. A1580:4-A1582:1 (hereafter "A_").
[2] A0060-66; A1583:13-A1584:6.
[3] *Id.*

3

In October 2007, Hawk Biometric Technologies, Inc. ("Hawk Biometric") acquired Hawk Canada, and each share of Hawk Canada was exchanged for one share of Hawk Biometric.[4] In February 2009, Hawk Biometric went public through a reverse merger with Explorations Group, Inc., a publicly traded company that survived the merger and subsequently changed its name to Hawk Systems, Inc.[5] As a result of the transactions, Spanakos's 4,000,000 shares of Hawk Canada stock converted into 8,000,000 shares of Hawk Systems common stock.[6]

In 2009, Spanakos began to suspect that the other Hawk Systems directors were defrauding Company investors. His suspicion arose when Hawk Systems failed to make its payments on the Secured Promissory Note.[7] Ultimately, Spanakos came to believe that certain members of Hawk Systems' board of directors were engaged in a "pump-and-dump" scheme whereby they artificially inflated the Company's stock price with false information and then dumped their holdings.[8] Spanakos also alleges that board members used Company funds to finance personal loans for directors, officers, and their family members, purchase and lease expensive

---

[4] A1585:1-20; A2012-13.
[5] A0092-A0113; A1630:2-A1631:7.
[6] *Id.*
[7] A1622:11-13.
[8] A0190; A0187.

automobiles and private jets, finance the purchase of expensive homes in Palm Beach County, Florida, and finance other personal trips and vacations.[9]

At the end of the alleged scheme, Hawk Systems insiders raised millions of dollars in investor funding, reported sales of $5,575, and booked expenses and losses of approximately $22,000,000.[10]  During this period, Hawk Systems defaulted on its tax obligations to Delaware and its charter was declared void under 8 *Del. C.* § 510.

Between 2010 and 2012, Spanakos filed multiple direct and derivative actions against Hawk Systems and its directors in the Florida 15th Judicial Circuit Court for Palm Beach County.  On October 28, 2011, Spanakos initiated a direct action against Hawk Systems and David Coriaty to enforce the Secured Promissory Note and foreclose on the stock held as a security interest.[11]  On December 23, 2014, the Florida court entered a Partial Final Judgment in favor of Spanakos and against Hawk Systems and Hawk Biometric.[12]

Spanakos also commenced a direct action against former Hawk Systems director, Edward Sebastiano.[13]  On June 1, 2017, Spanakos obtained a Writ of

---

[9] A1589:4-20.

[10] A0188; A1592:5-7.

[11] A0725-27 (*Spanakos v. Hawk Sys., Inc. et al.*, Case No. 50 2011 CA 16775 XXXX MB AE).

[12] *Id.*

[13] A1608:9-17 ((Case No. 50-2013-CA-017439-XXXX-MB).

Execution against Sebastiano and levied upon his goods and chattels, including three stock certificates totaling 8,162,283 shares of Hawk Systems common stock.[14]

Finally, on July 13, 2010, Spanakos initiated a direct and derivative action against several former Hawk Systems insiders alleging unjust enrichment and fraud.[15] On December 15, 2016, the Florida court entered summary judgment orders against 22 individuals and entities "as to liability only" with respect to Spanakos's claims of unjust enrichment (the "Summary Judgment Orders").[16] The Orders state that "[t]he Court reserve[d] entering a final judgment against defendant(s) . . . on damages subject to an appropriate motion regarding the same."[17]

Outside of court, Spanakos attempted to take control of Hawk Systems by becoming its majority stockholder and sole director. Spanakos purchased additional stock, filed a certificate of revival of Hawk Systems' charter, amended the charter's bylaws, and elected himself chair of the board of directors, CEO, treasurer and secretary.[18] Though the Company's most recent stock ledger shows Spanakos owning only 8.4% of Hawk Systems' outstanding shares, Spanakos maintains that the stock ledger has been neglected since 2009 and is thoroughly inaccurate.[19]

---

[14] *Id.*; A0171-74.
[15] A1587:18-21; A0192-A0665 (*Spanakos v. Hawk Sys., Inc. et al.*, Case No. 50 2010 CA 017971 XXXX MB).
[16] A0747-A0836.
[17] *Id.*
[18] A0729-32; A0839.
[19] A0842-78; A1594:7-14.

On May 26, 2015, Spanakos sought to realign the parties in the Florida derivative action, making Hawk Systems a plaintiff and converting the litigation to a direct action against former director defendants.[20] On March 14, 2017, after several hearings about whether Spanakos had the authority to realign Hawk Systems, the Florida court stayed the action and instructed Spanakos to obtain a Delaware judgment establishing the number of Hawk Systems shares controlled by Spanakos and determining whether Spanakos was a validly elected director and officer of Hawk Systems.[21]

On April 17, 2018, Spanakos filed a Verified Petition in the Court of Chancery seeking declarations under 8 *Del. C.* § 225(a) that he controlled a majority of Hawk Systems' voting shares and that he was the validly elected, sole director and officer of Hawk Systems.[22] As an alternative to Section 225 relief, Spanakos sought an order compelling the Company to hold an annual meeting of stockholders for the election of directors under 8 *Del. C.* §§ 223(a) and 211(c).[23]

The Court of Chancery held a one-day trial on September 17, 2018, ordered post-trial briefing, and heard post-trial oral argument on June 18, 2019. Then, on September 4, 2019, the Court of Chancery issued its Memorandum Opinion denying

---

[20] A0729-32; A1605:8-18.
[21] A0885.
[22] A0894-913.
[23] *Id.*

7

both of Spanakos's requests for relief (the "Memorandum Opinion").[24] The court held that the record did not support Spanakos's claims that he is the majority stockholder and sole director of Hawk Systems or that he properly revived the Company from its void status.[25] Further, the court denied Spanakos's request for a court-ordered election on the basis that, until the Florida litigation was resolved, such an election would be "unworkable."[26]

On September 11, 2019, Spanakos sought reconsideration of the Court of Chancery's Memorandum Opinion. On November 1, 2019, the Court of Chancery issued a Letter Opinion denying the Motion for Reconsideration. On December 16, 2019, Spanakos filed a timely Notice of Appeal, contesting only the Court of Chancery's refusal to compel an annual meeting of Hawk Systems' stockholders for the election of directors.

---

[24] Opening Br. Ex. A (hereafter "Op. _").
[25] Specifically, the court reasoned that the favorable Partial Final Judgment and Summary Judgment Orders Spanakos received in the Florida litigation did not provide him with additional voting rights. While the Partial Final Judgment entitled Spanakos to "voting rights over 30,000,000 Class A 'Preferred' shares of stock in Defendant Hawk Systems, Inc.[,]" the court noted that Hawk Systems has no "Class A 'Preferred' shares" with voting rights. *Id.* at 19. Further, the court held that the Summary Judgment Orders spoke "only to liability on the unjust enrichment claim and explicitly reserve[d] entry of final judgment on damages" and therefore had no effect on Spanakos's voting power. *Id.* at 22.
[26] *Id.* at 26.

8

## II.   ANALYSIS

On appeal, Spanakos does not challenge the Court of Chancery's holdings that he is not a majority stockholder of Hawk Systems or that he failed to revive the Company.  Instead, Spanakos argues that the Court of Chancery erred when it denied his request for an annual stockholders' meeting for the election of directors under 8 *Del. C.* §§ 223 and 211.  Spanakos contends that, since he has satisfied the statutory elements for relief under Sections 223 and 211, he is "entitled to an order compelling an annual meeting of Hawk Systems for an election of directors."[27]

This appeal requires this Court to review two related but distinct questions. The first question is whether Spanakos met the statutory prerequisites that would entitle him to a stockholders' meeting.  Then, assuming that Spanakos met those prerequisites, the second question is whether the court should have granted the relief Spanakos sought.

Whether a person has met the statutory prerequisites for relief under Sections 223 and 211 presents a mixed question of law and fact that we review *de novo*.[28] Section 223(a) states that "[i]f at any time, by reason of death or resignation or other cause, a corporation should have no directors in office, then any officer or any stockholder . . . may apply to the Court of Chancery for a decree summarily ordering

---

[27] Opening Br. 4.
[28] *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 650 A.2d 1270, 1276 (Del. 1994) ("[I]n an appropriate case, this Court may review *de novo* mixed questions of law and fact . . . .").

an election as provided in § 211 or § 215 of this title."[29]  Section 211(c) states that "the Court of Chancery may summarily order a meeting to be held upon the application of any stockholder" if a stockholders' meeting to elect directors has not been held for more than thirteen months.[30]  A stockholder makes out a *prima facie* case for a court-ordered election when he shows "1) that he is a stockholder of the corporation, 2) that a meeting was not held within 30 days of its designated date, or 3) that a stockholders' meeting to elect directors has not been held for over thirteen months."[31]

Here, the Court of Chancery held that Spanakos demonstrated the *prima facie* elements that would entitle him to relief under Sections 223 and 211.  Spanakos established at trial that Hawk Systems has no active directors, that Spanakos is a stockholder of Hawk Systems, and that the Company has not held a stockholders' meeting in several years.[32]  Therefore, the Court of Chancery concluded that "both statutes authorize[d] the Court to compel [a stockholders' meeting]."[33]  We agree with the Court of Chancery's determination that Spanakos met the statutory prerequisites.

---

[29] 8 *Del. C.* § 223(a).
[30] *Id.* § 211(c).
[31] *Saxon Indus., Inc. v. NKFW P'rs*, 488 A.2d 1298, 1301 (Del. 1984).
[32] A1602:12-14; A0879-A0883; A1620:13-22.
[33] Op. 24.

10

Since Spanakos met the *prima facie* elements for relief, this Court turns to the second question of this analysis, which is whether the court should grant the relief Spanakos sought. Even when the statutory prerequisites are met, Section 211(c) states that "the Court of Chancery *may* summarily order a meeting to be held" and "*may* issue such orders as may be appropriate" for relief.[34] Therefore, we review the Court of Chancery's decision to deny relief under Section 211 for abuse of discretion.[35]

While the court's decision to compel an annual stockholders' meeting for the election of directors is discretionary, that discretion is constrained. "The shareholder meeting to elect directors is a cornerstone of Delaware corporate law[,]" and stockholders' entitlement to such a meeting is paramount.[36] "Delaware law requires a yearly meeting so that stockholders . . . may effectively assert their interests by exercising their voting franchise."[37] Given that fundamental policy favoring annual

---

[34] 8 *Del. C.* § 211(c) (emphasis added).

[35] *See Canmore Consultants Ltd. v. L.O.M. Med. Int'l, Inc.*, 2013 WL 5274380, at *3 (Del. Ch. Sept. 19, 2013) ("Upon application, the Court *may* exercise its discretion to order an election under these circumstances; the appropriate inquiry at this time, therefore, is whether it *should*. The statute does not point to any factors as controlling in this exercise of discretion, and I am therefore free to weigh the equities as they exist in the particular factual situation presented."); *Clabault v. Caribbean Select, Inc.*, 805 A.2d 913, 915 (Del. Ch. Aug. 22, 2002), *aff'd*, 846 A.2d 237 (Del. 2003) ("Section 211(c) rests the decision in the sound discretion of this court whether or not to order a meeting.").

[36] *Newcastle P'rs, L.P. v. Vesta Ins. Gp., Inc.*, 887 A.2d 975, 979 (Del. Ch. 2005); *see also Speiser v. Baker*, 525 A.2d 1001, 1005 (Del. Ch. 1987) (noting that Delaware courts have long emphasized "the central role of the shareholders' annual meeting in the scheme of corporate governance . . . .").

[37] *Rich v. Fuqi Int'l, Inc.*, 2012 WL 5392162, at *4 (Del. Ch. Nov. 5, 2012).

meetings, when "the statutory elements required to compel a shareholder's meeting are shown, the right to relief is virtually absolute."[38] Therefore, courts must walk a fine line when a stockholder makes a *prima facie* showing and may only reject a petition for a stockholders' meeting when "a powerful equity" supports denying relief.[39] Accordingly, courts only rarely deny proper requests for a stockholders' meeting, and only for exceptional reasons.[40]

Here, despite the overwhelming preference in favor of ordering an election where a stockholder meets the *prima facie* elements, the unique circumstances of this case persuade us that the Court of Chancery acted within the bounds of its discretion when it declined to order a stockholders' meeting.[41] As discussed in the background section of this opinion, Spanakos's litigation efforts did not begin in Delaware. They began in Florida. In connection with the Florida litigation, Spanakos sought control over the majority of Hawk Systems' approximately 75,000,000 outstanding shares. Those actions are not in their infancy. Prior to any Delaware litigation, the Florida courts awarded Spanakos a Partial Final Judgment

---

[38] *Id.* at *3 (citation omitted).

[39] *Speiser*, 525 A.2d at 1006.

[40] *See, e.g., In re TransPerfect Glob., Inc.*, 2017 WL 3499921, at *5 (Del. Ch. Aug. 4, 2017) (denying a stockholder's request for an annual stockholders' meeting when the court believed that relief could jeopardize the court-mandated two-year sale process that was expected to conclude "in the near future"); *Clabault*, 805 A.2d at 918 (denying a request for a stockholders' meeting because the petitioners were engaged in a scheme to evade public company registration requirements by reviving and merging with a void corporation).

[41] *See* Op. 28.

in a direct action against Hawk Systems and Summary Judgment Orders against former Hawk Systems insiders.

The Partial Final Judgment would entitle Spanakos to voting rights in 30,000,000 Hawk Systems shares if it were not for what appears to be a typographical error in the court's implementing order. All that Spanakos must do to secure those rights is seek clarification on the drafting error and execute that Judgment. The Summary Judgment Orders Spanakos received in a separate action could potentially void 20,000,000 Hawk Systems shares and dramatically increase Spanakos's majority ownership. All that remains in that action is for Spanakos to pursue damages relating to those Orders, which specified that they only determined liability. But until those final steps are taken, neither the Partial Final Judgment nor the Summary Judgment Orders have any impact on Spanakos's stake in Hawk Systems.

The Court of Chancery declined to order a stockholders' meeting for the election of directors at this time, but it held that if Spanakos "obtains clarification from the Florida courts regarding the meaning and scope of the Partial Final Judgment and/or the Summary Judgment Order, and properly executes on those Orders, he may return to this Court to obtain appropriate relief under Section 225 or Section 223."[42] By pointing Spanakos back to Florida, the court crafted what it

---

[42] *Id.* at 28.

believed was the clearest path to relief here in Delaware. Clarification on those Florida judgments would provide dispositive clarity into the rights of certain stockholders entitled to vote at any court-ordered election.

Spanakos is correct that the Court of Chancery has ordered meetings where the stock ledger was less than perfect.[43] But in this case, Spanakos, as the party seeking relief, has already secured judgments that can resolve fundamental issues with a potential election.[44] The path laid out by the Court of Chancery allows the Florida courts to clarify their own orders rather than asking Delaware courts or a special master to rewrite the orders; it does not cause too much delay because Spanakos has already won on the merits; and it eliminates the profound uncertainty concerning Hawk Systems' majority ownership. Thus, while the preference in Delaware is to compel a meeting of stockholders where the *prima facie* elements are met, the Court of Chancery did not abuse its discretion under the specific and unique circumstances in this case when it denied relief at this time and, instead, provided a clear path for Spanakos to return to the Court of Chancery with finalized Florida judgments.

---

[43] *See, e.g., Judy v. Preferred Comm'cn Sys. Inc.*, 2016 WL 4992687 (Del. Ch. Sep. 19, 2016); *Mainero v. Microbyx Corp.*, 1996 WL 487938 (Del. Ch. Apr. 22, 1996).

[44] The Court of Chancery also noted that "Spanakos has failed to provide" a feasible election process and only proposed a system "whereby a *bona fide* Hawk Systems stockholder who chose not to participate in the court-ordered election would likely lose her shares." Op. 25.

14

## III. CONCLUSION

Based on the foregoing, the judgment of Court of Chancery is AFFIRMED.